## JOSE HERNANDEZ, Respondent, *v.* CLAUDE SIMON, Appellant.

FORCIBLE ENTRY AND DETAINER, DESCRIPTION OF LAND.—In forcible entry and detainer, a description of the land, sufficiently definite to enable the administration of substantial justice, is all that is required in actions before Justices of the Peace.

APPEAL from the County Court of Santa Clara County.

The original proceedings were instituted before a Justice of the Peace, for the forcible entry and unlawful detainer of land described in the complaint, as follows: "A house and the following described tract of land, lying and be-[183] ing in the County * of Santa Clara, situated about ten miles southerly from the Town of Santa Clara, and known as part of the lands called Rincoñada de los Gatos, on the west side of, and bordering on the creek known as the Los Gatos Creek, immediately opposite the lands and houses owned by James A. Forbes, being about thirty acres, more or less."

The Justice gave judgment for the plaintiff, and the defendant appealed, first, to the County Court, and after judgment against him there, to this Court. The grounds of the appeal are stated in the opinion.

*A. J. Yates* and *C. E. Mount,* for Appellant.

Cited 1 Harr. & J. 449; 2 Harr. & J. 147; 3 Harr. & J. 206; 1 Harr. & Gill, 172, 435.

*Wallace & Ryland,* for Respondent.

Cited 3 Serg. & R. 418; 1 Scam. 407; 1 South. (Conn.) 125; 4 Rand. 468; 2 Post, 86; 2 Cal. 60, 90; 3 Ala. 127; Strange, 1063; 1 Sid. 295; Croke Jac. 564; Croke Eliz. 438.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The only assignment of error we can notice is, the first, which objects to the description of the land as insufficient. In actions before Justices of the Peace, the same strictness is not required as in courts of record, and we see no reason to doubt that the description in this case of the premises sued for, is sufficiently definite to enable the administration ot substantial justice. It has also been well urged, that in many of these cases where force and threats are complained of, it may be impossible for the injured party to obtain a more accurate description, which could only be done by a regular survey, from which he may be intimidated by fear of violence.

The other assignments of error are not well taken, as they depend on a bill of exceptions, or statement of the case, which was filed *ex parte*, and has no verity. It is no part of the record, and should not have been set up.

The judgment is affirmed.